Victor Manuel HERNANDEZ,
Petitioner–Appellant,

v.

A.C. NEWLAND, Respondent–Appellee.

No. 00–16462.

D.C. No. CV–99–01864–CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided July 6, 2001.

Before HILL,* GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM **

A jury convicted Defendant Victor Manuel Hernandez of felony possession of .06 grams of PCP. The trial court sentenced him to an indeterminate life term with a minimum term of 25 years, pursuant to California's "Three Strikes Law," Cal.Penal Code § 1170.12. The district court denied Defendant's petition for habeas corpus, ruling that, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1), the state appellate court's determination that Defendant's sentence did not violate the Eighth Amendment was not an unreasonable application of clearly established federal law. The district court granted Defendant's petition for a certificate of appealability. On de novo review, *DePetris v. Kuykendall,* 239 F.3d 1057, 1061 (9th Cir.2001), we affirm.

Defendant's petition for a writ of habeas corpus is governed by AEDPA, 28 U.S.C. § 2254(d). "Under AEDPA, we may reverse a state court's decision denying relief only if that decision is 'contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.'" *Van Tran v. Lindsey,* 212 F.3d

---

* The Honorable James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1143, 1149 (9th Cir.) (quoting 28 U.S.C. § 2254(d)(1)), *cert. denied,* 121 U.S. 340, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

Defendant argues that the California appellate court's ruling on his Eighth Amendment claim involved an unreasonable application of controlling Supreme Court precedent. We disagree. Although it is true that Defendant was convicted of possessing a small amount of drugs, it also is true, as noted by the state appellate court, that Defendant's current crime is not a trivial one; the circumstances of the crime involved a serious degree of dangerousness to others. Moreover, Defendant is a recidivist whose past felonies were serious, resulting from a long course of conduct involving the sexual molestation of his minor daughter. Finally, the possibility of parole exists.[1]

Having examined the controlling Supreme Court precedent, we are not left with a firm conviction that the California appellate court committed error. *Compare Harmelin v. Michigan,* 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (holding that a life sentence without the possibility of parole for the crime of possession of 672 grams of cocaine did not violate the Eighth Amendment); *and Rummel v. Estelle,* 445 U.S. 263, 285, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (holding that a life sentence with the possibility of parole in 12 years for the crime of obtaining $120.75 by false pretenses and being a recidivist did not violate the Eighth Amendment), *with Solem v. Helm,* 463 U.S. 277, 303, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) (holding that a life sentence without the possibility of parole for the crime of passing a bad check for $100 and being a recidivist of nonviolent offenses violated the Eighth Amendment).

AFFIRMED.

---

1. Defendant's argument, that his sentence is really a life sentence because he will not be granted parole 25 years from now, is speculative.

